JACOB JOHNSON, plaintiff in error, *vs.* HENRY LOWRY, defendant in error.

Where one is not a resident of this State, but is passing through the same with his goods, an attachment may issue against him, on the ground "that he is actually removing out of the county" in which he may then be found.

Attachment. Traverse. Before Judge KNIGHT. Fannin Superior Court. October Term, 1872.

On February 22d, 1872, Jacob Johnson sued out an attachment against Henry Lowry, on the ground that he was "actually removing beyond the limits of said county." The attachment was levied upon certain personalty, as the property of defendant. When the cause came on for trial a traverse

was filed to the ground on which the attachment issued. Upon the trial of the issue thus formed it appeared from the evidence that plaintiff had never lived in the county of Fannin; that he had resided in the State of North Carolina, but had made arrangements to move into the State of Tennessee, and at the time the attachment was sued out, he was passing through the county of Fannin on his way to his Tennessee home; that about three weeks previous to the levy of the attachment, he had moved a part of his property and a portion of his family to Tennessee; that all of his property had not yet been moved from North Carolina.

The Court charged the jury as follows, to-wit: "That before the attachment will lie in this case, upon the ground that the defendant was actually removing without the limits of said county, it must appear that the defendant had once actually resided in said county. If the defendant was removing through the county, from one State to another, the attachment will not lie, upon the ground that he was actually removing without the limits of said county."

The jury found the issue in favor of the defendant.

The plaintiff moved for a new trial, upon the following grounds, to-wit:

1st. Because the verdict was contrary to law, and the evidence.

2d. Because the Court erred in the charge to the jury, above set forth.

The motion was overruled, and plaintiff excepted, and assigns error upon each of the grounds aforesaid.

H. P. BELL; J. A. JERVIS, for plaintiff in error.

M. L. SMITH; C. J. WELBORN; THOMAS F. GREER, for defendant.

McCAY, Judge.

Perhaps a man who is merely moving through a county of this State, is not, in the literal sense of the words, "remov-

ing out of the county;" but he is in, and he is moving out of the county, and if he is not a resident of the State, we think the words may fairly cover the case. Had he a residence in the State, so that the attachment must be returned to some other county, to-wit: the county from which his amotion began, the case would be different. But the law gives to every non-resident a locus in the county where he is found. He can there be sued, and for purposes of litigation, and return of process, the law makes that his residence: Revised Code, sections 1689, 1690.

The facts here show that the defendant was actually quitting, with his goods, the county where, by the law, he could be sued, and we think this is fairly a *removing* out of the county. The process is returnable to that county, just as the process is returnable to the county of the late residence of a citizen. We think the place for the return of the process is the test, and if a man in going with his goods and family out of that county, he may fairly be said to be removing out of that county.

Judgment reversed.